Ricky Shelton (#14784)
ADAMS DAVIS, P.C.
35 West Broadway, Suite 203
Salt Lake City, UT 84101
Telephone: (801) 532-9500
Facsimile: (801) 532-8600
ricky@adamsdavis.com
*Attorney for Plaintiff*

UNITED STATES DISCRIT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIC and GABRIELLE ROPER , personally and on behalf of the heirs and estate of their minor child C.R. and also on behalf of their minor child A.R.<br><br>Plaintiffs,<br><br>vs.<br><br>SEAN CROSBY; LAVONNE CROSBY; POLARIS INDUSTRIES INC.; LOOSE WHEELS SERVICE, INC.;<br><br>Defendants. | COMPLAINT<br><br>Civil No. _____<br><br>Hon. Judge _____ |

COMES NOW BEFORE THE COURT Plaintiffs Eric and Gabrielle Roper, bringing these claims against Defendants and praying for relief.

Parties, Jurisdiction, Venue, and Tier

1. Eric and Gabrielle Roper are the parents of minors C.R. and A.R. They bring these claims personally and on behalf of the heirs and estate of C.R. pursuant to Utah Code § 78B-3-106 and § 78B-3-107. They also bring these claims personally and on behalf of A.R. pursuant to Utah Code § 78B-3-102.

Page **1** of **6**

2. Eric and Gabrielle Roper are residents of Clark County, Nevada, and are domiciled there.

3. C.R. died in Kane County, Utah, on June 20, 2021, when a Polaris Ranger XP ("Off-Road Vehicle) he was operating rolled over.

4. A.R. was a passenger in the Off-Road Vehicle in the zone of physical danger and saw C.R.'s death when the Off-Road Vehicle rolled over.

5. Sean and Lavonne Crosby are residents of Kane County, Utah, and are domiciled there.

6. Sean and Lavonne Crosby own the real property in or around Kanab, Utah, where the rollover occurred ("Property").

7. Sean and Lavonne Crosby own the Off-Road Vehicle.

8. Polaris Industries, Inc. is a Delaware Corporation that manufactured the Off-Road Vehicle.

9. Loose Wheels Service, Inc. is a retailer in Kane County, Utah, who sold the Off-Road Vehicle to Sean and Lavonne Crosby.

10. Sean Crosby, Lavonne Crosby, Polaris Industries, and Loose Wheels are collectively referred to as "Defendants".

11. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiffs are citizens of Nevada while Defendants Sean Crosby, Lavonee Crosby, and Loose Wheels are citizens of Utah and because the matter in controversy exceeds more than $75,000 (this is a wrongful-death case with a value in the millions of dollars).

## Background

12. All the preceding paragraphs are incorporated.

13. On June 20, 2021, Sean and Lavonne Crosby induced C.R. to come to the Property and to drive the Off-Road Vehicle.

14. Sean and Lavonne Croby knew about the danger of the Off-Road Vehicle and the danger of uneven ground and a sharp turn where the rollover happened, but Sean and Lavonne Crosby failed to warn and supervise C.R.

15. C.R. relied on the inducement of Sean and Lavonne Crosby.

16. C.R. relied on Sean and Lavonne Crosby for his safety.

## First Cause of Action
### Negligence—Sean and Lavone Crosby

17. All the preceding paragraphs are incorporated.

18. Sean and Lavone Crosby had a duty to use reasonable care while C.R. was under their care and supervision.

19. Sean and Lavone Crosby knew or should have known that having C.R. drive the Off-Road Vehicle on the Property created an unreasonable risk of harm to C.R.

20. Sean and Lavone Crosby knew or should have known that C.R. did not have adequate skills and/or knowledge of the Off-Road Vehicle and Property to operate it safely.

21. Sean and Lavone Crosby negligently entrusted C.R. to drive the Off-Road Vehicle.

22. Sean and Lavone Crosby failed to adequately warn C.R. about the dangers of the Off-Road Vehicle and Property.

23. Sean and Lavonne Crosby failed to ensure C.R. had a helmet on.

24. Sean and Lavonne Crosby failed to adequately supervise C.R.

25. These negligent acts were the proximate cause of C.R.'s wrongful death

## Second Cause of Action
### Premise Liability—Sean and Lavonne Crosby

26. All the preceding paragraphs are incorporated.

27. Sean and Lavone Crosby had a duty to remedy hazards on their Property and to warn guests about the hazards on the Property.

28. Sean and Lavone Crosby violated this duty by failing to remedy dangerous conditions on the Property where the rollover happened and by failing to warn C.R. about that danger.

29. Sean and Lavonne Crosby created an unsafe activity on the Property of having underaged minors operate the Off-Road Vehicle without adequate supervision and protective equipment.

30. These violations of landowner duty were the proximate cause of C.R.'s wrongful death

## Third Cause of Action
### Inadequate Product Warning—Polaris and Loose Wheels

31. All the preceding paragraphs are incorporated.

32. Polaris and Loose Wheels were required by Utah law to warn about danger from the Off-Road Vehicle's foreseeable use of which they knew or reasonably should have known about and that a reasonable user would not expect.

33. Polaris and Loose Wheels knew or should have known about the following dangers:

- underage minors operating the Off-Road Vehicle;
- operating the Off-Road Vehicle without a helmet;
- inadequately experienced and trained drivers operating the Off-Road Vehicle;
- other dangers discovery may reveal.

34. Polaris and Loose Wheels failed to provide an adequate warning of these dangers. The warnings provided were inadequate in the following ways:

- not being designed to reasonably catch the user's attention;

- not being understandable to foreseeable users;
- not fairly indicating the danger in a way commensurate with the danger itself;
- not being sufficiently conspicuous to match the magnitude of the danger;
- other ways discovery will reveal.

35. The lack of an adequate warning made the Off-Road Vehicle unreasonably dangerous.

36. The lack of an adequate warning was a cause of C.R.'s death.

37. Polaris and Loose Wheels are liable based on negligence and strict liability.

### Third Cause of Action
### Negligent Infliction of Emotional Distress—Defendants

38. All the preceding paragraphs are incorporated.

39. It was foreseeable to Defendants that their tortious acts created an unreasonable and unjustified risk of serious bodily harm to the persons in the Off-Road Vehicle.

40. Defendants knew or should have known that passengers like A.R. would be in the Off-Road Vehicle.

41. Defendants knew or should have known that there was an unreasonable and unjustified risk that A.R. would be in the zone of danger of serious bodily harm and that she would suffer emotional distress.

42. The rollover put A.R. in the zone of danger and actual physical peril.

43. Defendants' tortious acts were the cause of A.R.'s emotional distress from the crash.

### Fourth Cause of Action
### Survival Claim

44. All the preceding paragraphs are incorporated.

45. Defendants' tortious acts caused C.R. to suffer physical and emotional distress before ultimately dying.

46. Defendants are liable for the non-economic damages for this pain and suffering.

Prayer for Relief

Plaintiff prays for relief against Defendants for all damages the law affords and all damages the jury determines is fair and just. This includes noneconomic damages and economic damages, including lost earnings/earning capacity and employment benefits, lost household services, medical expenses, funeral/burial expenses, and prejudgment interest.

Dated this 29th day of August, 2022.

ADAMS DAVIS, P.C.

*/s/ Ricky Shelton*
Ricky Shelton
*Attorney for Plaintiff*
