IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIC and GABRIELLE ROPER, personally and on behalf of the heirs and estate of their minor child C.R. and also on behalf of their minor child A.R., <br><br> Plaintiffs, <br><br> v. <br><br> SEAN CROSBY; LAVONNE CROSBY; POLARIS INDUSTRIES INC.; LOOSE WHEELS SERVICE, INC.; LONE BUCK RANCH, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS <br><br><br> Case No. 4:22-cv-00061-DN-PK <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiffs' Motion for Sanctions.[1] The Ropers seek sanctions against the attorneys representing the Crosbys' insurer ("Insurance Defense Counsel") based on their failure to produce discovery and their efforts to prevent disclosure of recordings and transcripts of interviews conducted with the Crosbys by their insurer. The Court held oral argument on the Motion on August 23, 2023. For the reasons discussed below, the Court finds that attorney Michael Ford violated Fed. R. Civ. P. 26(g) and will impose sanctions.

I. BACKGROUND

The Ropers are the parents of two minors—C.R. (14) and A.R. (8). On June 20, 2021, while C.R. was operating an off-road vehicle on the Crosbys' property in Kanab, Utah, it rolled over killing C.R. A.R. was a passenger in the vehicle at the time and witnessed C.R.'s death.

---

[1] Docket No. 95, filed July 11, 2023.

1

In their First Set of Discovery requests, the Ropers requested the production of writings and recordings related to the crash. Insurance Defense Counsel objected "to providing the following writings and recordings pursuant to attorney/client privilege: Transcripts and recordings of interviews between Sean and LaVonne Crosby and Tabatha Crank with American National Property and Casualty on August 3, 2021."[2] Insurance Defense Counsel repeated this objection a total of *eight* times, adding an objection based on work product, each time only referencing the August 3rd interview.[3] Defendants repeated their objections in their Supplemental Response, again only referencing the August 3rd interview.[4] Both discovery responses were signed by Michael Ford.

The Ropers then sought to compel production of the interview transcripts and recordings.[5] During the briefing and two hearings on that motion, Insurance Defense Counsel continued to only refer to a single interview conducted on August 3rd. After the Court concluded that the August 3rd interview was not work product, the Court ordered the transcript and recording be disclosed.[6] Insurance Defense Counsel produced the August 3rd recording on May 31, 2023.[7] It was not until their second supplemental responses were served on June 13th that

---

[2] Docket No. 95-3, at 20.

[3] *Id*. at 20–27.

[4] Docket No. 95-4.

[5] Docket No. 63.

[6] Docket No. 79.

[7] Docket No. 95, at 7.

2

Insurance Defense Counsel disclosed—for the first time—the existence of a prior interview on July 7th between Lavonne Crosby and the Crosbys' insurance company.[8]

Insurance Defense Counsel assert that the failure to previously disclose the July 7th interview was an "oversight."[9] They have since provided the transcripts and recordings of both the July 7th and August 3rd interviews.[10] The Ropers now seek sanctions against Insurance Defense Counsel.

## II.  DISCUSSION

Rule 26(g)(1) requires that "every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name."

> By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
> (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
> (B) with respect to a discovery request, response, or objection, it is:
> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.[11]

"If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the

---

[8] Docket No. 95-6, at 3.

[9] Docket No. 96-5, at 2.

[10] Docket No. 95, at 7.

[11] Fed. R. Civ. P. 26(g)(1).

3

signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."[12]

Rule 26(g)'s certification requirement "obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection."[13] The rule "requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection."[14] "The signing requirement [also] means that every discovery request, response, or objection should be grounded on a theory that is reasonable under the precedents or a good faith belief as to what should be the law."[15] This is an objective standard and "is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances."[16]

The Crosbys' discovery responses were prepared by Thomas Lopresto.[17] Mr. Lopresto explains that he reviewed both the July 7th and August 3rd interviews, spent several hours conducting interviews with the Crosbys, and performed several hours of legal research in preparing the Crosbys' discovery responses.[18] Based on that research, Mr. Lopresto prepared objections to the production of the interviews based on attorney-client and work product privileges. However, Mr. Lopresto states that he "mistakenly listed the recorded statements as

---

[12] Fed. R. Civ. P. 26(g)(3).

[13] Fed. R. Civ. P. 26, advisory committee's note to 1983 amendment.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] Docket No. 96-1.

[18] *Id.* ¶¶ 3–4.

having occurred on August 3, 2021 only" and he did not realize his oversight until it was brought to his attention by co-counsel Sadé Turner.[19]

While Mr. Lopresto prepared the discovery responses, they were actually signed by Michael Ford.[20] Mr. Ford states that when he signed the responses, he was only aware of a single interview.[21] At the hearing, Mr. Ford explained that he did little before signing the Crosbys' discovery responses to ensure that they were complete and that the objection was warranted by existing law. He assumed that there was only one recording based on the statements contained in the responses Mr. Lopresto prepared and did not do any "comprehensive leg work" to determine whether the objection was warranted. This does not comport with the requirement that the signing attorney "stop and think about the legitimacy of a discovery request, a response thereto, or an objection."[22] Had Mr. Ford done what is contemplated by Rule 26, he would have discovered that the objection was incomplete by failing to reference the July 7th interview and was not supported by existing law. This is especially true given the timing of the first interview and (as alleged by the defense) the Ropers' subsequent announcement that they were going to seek an attorney—an alleged fact upon which the defense relied heavily. These problems stem in large part from violations of Rule 26(g)'s certification requirement.

If there is a Rule 26(g) violation, sanctions must be imposed unless there is a substantial justification. Substantial justification does not mean "'justified to a high degree, but . . . justified

---

[19] *Id.* ¶¶ 6, 7, 10.

[20] Docket Nos. 95-3, 95-4.

[21] Docket No. 96-2.

[22] Fed. R. Civ. P. 26, advisory committee's note to 1983 amendment.

to a degree that could satisfy a reasonable person.'"[23] The only justification offered is that Mr. Lopresto mistakenly failed to reference both interviews in the Crosbys' responses. Even accepting this explanation, counsel's inadvertent mistake is not sufficient to meet the substantial justification standard.[24] Nor does it explain why Insurance Defense Counsel continually referred to only the August 3rd interview through these now months-long proceedings. The repeated failure to disclose the July 7th interview provides additional support for the conclusion that Rule 26(g) was not followed. As such, the Crosbys have not demonstrated that their failure was substantially justified. Therefore, sanctions must be imposed under Rule 26.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Sanctions (Docket No. 95) is GRANTED. Insurance Defense Counsel is ordered to pay all reasonable expenses, including attorney's fees, for all proceedings related to the Crosbys' interviews, minus what was previously paid. Within fourteen (14) days of this Order, Plaintiffs' counsel must submit a declaration outlining their expenses and fees, and the parties are to meet and confer about the requested amount. If the parties are unable to agree to the amount to be paid, they are to contact the Court.

---

[23] *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

[24] *See Tolerico v. Home Depot*, 205 F.R.D. 169, 175–76 (M.D. Pa. 2002) (holding that the plaintiff lacked substantial justification as the plaintiff's reason for failing to produce documents sooner was because of counsel's inadvertent mistake); *see also ARUP Labs., Inc v. Pac. Med. Lab., Inc.*, No. 2:20-cv-00186, 2022 WL 111069, at *3 (D. Utah Jan. 12, 2022) (noting that the defendant provided "no authority to support its position that counsel's inadvertent mistake constitutes substantial justification").

DATED this 25th day of August, 2023.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge