IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIC and GABRIELLE ROPER, personally and on behalf of the heirs and estate of their minor child C.R. and also on behalf of their minor child A.R.,<br><br>Plaintiffs,<br><br>v.<br><br>SEAN CROSBY; LAVONNE CROSBY; POLARIS INDUSTRIES INC.; LOOSE WHEELS SERVICE, INC.; and LONE BUCK RANCH,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE<br><br><br>Case No. 4:22-cv-00061-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Before the Court is Plaintiffs' Motion to Exclude Rory Leavitt as a Witness.[1] The Ropers seek to exclude Ms. Leavitt as a witness pursuant to Federal Rules of Civil Procedure 26(e)(1)(A) and 37(c). After reviewing the briefs, the Court finds that oral argument will not materially assist in the resolution of this matter. For the reasons discussed below, the Court DENIES the motion.

I.  BACKGROUND

The Ropers are the parents of two minors—C.R. (14) and A.R. (8). On June 20, 2021, while C.R. was operating an off-road vehicle on the Crosbys' property in Kanab, Utah, it rolled over killing C.R. A.R. was a passenger in the vehicle at the time and witnessed C.R.'s death.

---

[1] Docket No. 112, filed September 1, 2023.

1

Ms. Leavitt, a newly disclosed witness, is a friend of one of the Crosbys' grandchildren. She was allegedly at the Crosby home in November 2020 and uploaded a video to Snapchat showing that she went on a ride in the off-road vehicle with C.R—nearly a year before his death.

The deadline for close of fact discovery in the original scheduling order was August 31, 2023.[2] Although the Court has since extended fact discovery,[3] the scope of the extension has been limited, and the Crosbys objected to the continuance.[4] On August 25, 2023, the Crosbys supplemented their disclosures to include Ms. Leavitt as a new fact witness.[5]

In their motion, the Ropers contest that the late disclosure was unwarranted and prejudicial.[6] They now seek to prevent Defendants from presenting Ms. Leavitt as a witness at trial.

Defendants argue that they complied with Fed. R. Civ. P. 26(e) and timely disclosed the aforementioned discovery.[7] The Crosbys claim that they did not receive the November 2020 Snapchat video from Ms. Leavitt until August 22, 2023—three days before the Crosbys supplemented their discovery disclosures.[8] The Crosbys further allege that they "did not know or have any reason to believe that Ms. Leavitt might have discoverable information relevant to this

---

[2] Docket No. 41, at 3.

[3] Docket No. 120, filed September 13, 2023.

[4] Docket No. 114, filed September 6, 2023.

[5] Docket No. 112-1, filed September 1, 2023.

[6] Docket No. 112.

[7] Docket No. 121, filed September 13, 2023.

[8] Docket No. 121-1, filed September 13, 2023.

matter."[9] Further, the Crosbys promptly provided possible dates for Ms. Leavitt's deposition upon Plaintiffs' request.[10]

## II.  DISCUSSION

Fed. R. Civ. P. 26(a)(1)(A)(i) requires parties to include in their initial disclosures the name, address, and telephone number of every individual likely to have discoverable information. Rule 26(e)(1)(A) requires parties supplement or correct their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete . . . ." The Court is permitted to impose sanctions, including exclusion of a witness or evidence, if a party fails to disclose or supplement its discovery responses.[11]

Before the Court can reach the issue of sanctions under Rule 37(c), it must first determine whether the Crosbys failed to timely disclose or supplement their discovery responses with the November 2020 Snapchat video and the contact information for Ms. Leavitt.

"The timeliness of supplementation centers on when the disclosing-party reasonably should know that its disclosures are incomplete or incorrect."[12] Although timeliness is not defined in the rules, several courts have used the deadline in Fed. R. Civ. P. 26(a)(3)(B) as a benchmark; that is, disclosures are due at least 30 days before trial.[13] In making a timeliness determination, the

---

[9] Docket No. 121, at 3.

[10] Docket No. 121-2.

[11] Fed. R. Civ. P. 37(c).

[12] *Carroll v. Safeco Ins. Co. of Am.*, No. 20-cv-00219-REB-NYW, 2020 WL 7664731, at *2 (D. Colo. Dec. 24, 2020) (citing *Jama v. City & Cnty. Of Denver*, 304 F.R.D. 289, 299–300 (D. Colo. 2014)) (internal quotation omitted).

[13] *See e.g.*, *Garth O. Green Enters. v. Harward*, No. 2:15-cv-556-RJS-EJF, 2018 WL 611465, at *4 (D. Utah Jan. 29, 2018) (noting that the last day for supplementation under Rule 26(e) does not excuse an initial failure to disclose "in a timely manner after learning of new

Court can also consider a party's diligence in obtaining the supplemental information, the length of time to supplement once the party obtained the supplemental information, and other relevant facts to determine if a party's conduct frustrates the purpose of Rule 26 to promote full and orderly pretrial disclosure.[14]

Here, there is insufficient evidence that the Crosbys' supplemental disclosures were untimely. First, there is insufficient proof that the Crosbys reasonably should have known earlier in this case that a friend of one of their grandchildren might have information or evidence relevant to this case. The last time the Crosbys were in contact with Ms. Leavitt was nearly a year before C.R.'s tragic death. As has been discussed throughout the many prior discovery hearings, the Crosbys have a large family. It would be unreasonable to expect the Crosbys to have initially disclosed every friend or family member who had ever been to the Crosby home or ridden in one of their off-road vehicles. Plaintiffs have not explained why this particular grandchild's friend should have been on the Crosbys' radar earlier on in this case—especially when the video evidence at issue was taken months before the accident at issue here. The earliest the Crosbys should have reasonably known about the Snapchat video and Ms. Leavitt's testimony was on August 22, 2023.

---

information"); *Auraria Student Housing at the Regency, LLC v. Campus Vill. Apartments, LLC*, No. 10-cv-02516-WJM-KLM, 2015 WL 72360, at *3 (D. Colo. Jan. 5, 2015); *Buben v. City of Lone Tree*, No. 08-cv-00127, 2010 WL 4810632, at *2 (D. Colo. Nov. 19, 2010); *United States v. Guidant Corp.*, No. 3:03-0842, 2009 WL 3103836, at *4 (M.D. Tenn. Sept. 24, 2009) (explaining that supplementation must be made no later than the pretrial disclosure deadline); D.C. Colo. LCivR 26.1(b) (disclosures should be made in the proposed final pretrial order); *but see O'Driscoll Constructors, Inc. v. Emcasco Ins. Co.*, 2:19-cv-00699-JNP-DAO, 2023 WL 1767174, at *3 (D. Utah Feb. 3, 2023) (finding that disclosures were untimely when discovery related to damages was supplemented two days before the close of fact discovery (collecting cases with similar holdings)).

[14] *See Carroll*, 2020 WL 7664731, at *2.

Thus, the Crosbys were diligent; as soon as they learned of the new evidence they turned it over to their attorneys for disclosure purposes.

Second, only three days lapsed between the time the Crosbys received the new information, and the disclosures were supplemented by the lawyers. This length of time is very short, especially when compared to some of the other late disclosures made by the Crosbys in this case.

Third, the new information was disclosed long before trial and the deadline prescribed by Fed. R. Civ. P. 26(a)(3)(B). The original scheduling order set trial for September 3, 2024, and disclosures were supplemented on August 25, 2023. Thus, the Court holds that the Crosbys' disclosures are timely, even though they were served shortly before the initial close of fact discovery.

Because the Court finds that the Crosbys' disclosures are timely, the Court does not reach the issue of sanctions under Fed. R. Civ. P. 37. Even if this Court were to hold that the supplemental disclosures were untimely, any prejudice to Plaintiff has been alleviated through the extension of the fact discovery deadline, which may now include discovery as to Ms. Leavitt.

### III.  CONCLUSION

For the reasons discussed, the Court DENIES Plaintiffs' Motion to Exclude, Docket No. 112.

SO ORDERED this 20th day of September, 2023.

_____
PAUL KOHLER
United States Magistrate Judge